IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED

JUL 14 2017

Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| PAUL SCHMITZ,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>REID INDUSTRIAL LLC d/b/a<br>FLEMING MANUFACTURING and<br>DOES AND ROES 1 through 10,<br><br>　　　　　　　Defendants. | No. CV 17-82-H-SEH<br><br>ORDER |

The Complaint and Demand for Jury Trial[1] filed July 14, 2017, contains no "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The Civil Cover Sheet[2] indicates diversity of citizenship is the basis of this Court's jurisdiction. However, requisite diversity necessary to demonstrate diversity jurisdiction is not pleaded.

---

[1] Doc. 1.

[2] Doc. 1-1.

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;

28 U.S.C. § 1332 (a)(1).

It is fundamental that federal jurisdiction cannot be presumed. The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants. 15 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, § 102.12, at 102-28 (3d ed. 2015). It is to be strictly construed. *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63 (1941). Plaintiff, as the party asserting jurisdiction, has the burden of proving such jurisdiction exists. *Lew v. Moss*, 797 F.2d 747, (9th Cir. 1986).

"[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Here, Plaintiff failed to allege the identity and citizenship of each of the individual members of Reid Industrial LLC. Moreover, Plaintiff alleged only the residence of Schmitz, citizenship is not pleaded. It is thus impossible for the Court

to determine whether complete diversity exists.

In addition, the complaint must allege the amount in controversy. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). Here, Plaintiff's Complaint and Demand for Jury Trial[3] fails to assert the requisite amount in controversy.

The court on its own initiative, may raise lack of subject-matter jurisdiction at any stage, even after the trial and entry of judgment. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

ORDERED:

This case will be dismissed on July 21, 2017, unless Plaintiff files an amended pleading properly alleging jurisdiction on or before that date.

DATED this 14th day of July, 2017.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[3] Doc. 1.